# PROVIDENCE COUNTY.

### State *vs.* George Hill.

*State* v. *Tracey*, 12 R. I. 216, affirmed, and the form of indictment there considered redjudged sufficient.

An indictment is presumed to be found on the first day of the term.

On an indictment for keeping a nuisance, the prosecuting attorney being ordered by the court, at the request of the defendant, to specify the locality, designated "the place where the defendant lived, the barn on that place, and the shanty near barn on the same place."

*Held*, that the specification was sufficiently definite.

*Held*, further, that such an order proceeded from the discretion of the court and was not subject to exception.

*Held*, further, that the court committed no error in refusing to restrict the state's evidence to one of the localities designated.

EXCEPTIONS to the Court of Common Pleas.

May 30, 1881. PER CURIAM. We decided in State v. Tracey, 12 R. I. 216, on the authority of The State v. Plastridge, 6 R. I. 76, and other cases, that an indictment in the form of the indictment here was not bad for either duplicity or uncertainty. We reaffirm that decision.

The cases cited for the government [1] show that the allegation of time in the indictment here is sufficient, the presumption of the law in the matter being that the indictment was found on the first day of the term if no other day is named. Commonwealth v. Wood, 4 Gray 11.

The defendant moved the court below for an order on the prosecuting attorney to specify the place of the alleged nuisance. The order was granted, and the attorney designated " the place where the defendant lived, the barn on that place, and the shanty near barn on the same place." These places were all close together on the farm occupied by the defendant. The court refused to require any stricter specification. The defendant excepted. We are not satisfied that the court committed any error, and, moreover, such a motion is addressed to the discretion of the court, and the decision of the court on it is not revisable for error on a bill of exceptions. Edwards v. Hopkins, 5 R. I. 138 ; Commonwealth v. Giles, 1 Gray, 466 ; Commonwealth v. Wood, 4 Gray, 11 ; Moody v. Hinkley, 34 Me. 200.

We are also not satisfied that the court committed any error in refusing to restrict the evidence. For anything that appears, the three localities may have been used connectedly as " the place " where the nuisance was maintained.

The exceptions are overruled and the cause remanded to the Court of Common Pleas for sentence.      Exceptions overruled.

Willard Sayles, Attorney General, for plaintiff.

Ira O. Seamans, for defendant.

---

[1] Commonwealth v. Tower, 8 Met. 527 ; Commonwealth v. Kendall, 12 Cush. 414 ; Commonwealth v. Elwell, 1 Gray, 463 ; Commonwealth v. Wood, 4 Gray, 11 ; Commonwealth v. Armstrong, 7 Gray, 49 ; Commonwealth v. Gardner, 7 Gray, 494.